**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD P., | ) | NO. CV 19-10246-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on December 3, 2019, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on April 13, 2020. Plaintiff filed "Plaintiff's Motion for Remand" on April 15, 2020. Defendant filed a motion for summary judgment on May 15, 2020. Plaintiff filed "Plaintiff's Reply Brief" on May 21, 2020. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed December 17, 2019.

///

**BACKGROUND**

Plaintiff seeks disability insurance benefits, alleging an inability to work beginning December 31, 2014, based primarily on headaches and anxiety/panic attacks (Administrative Record ("A.R.") 118-19, 208, 267).[1] Plaintiff's insured status expired on December 31, 2016 (A.R. 56; Plaintiff's Motion at 2).

The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 54-66, 108-31). Plaintiff testified that he could not work in 2015 and 2016 because of, <u>inter alia</u>, "incredible migraines" and "panic attacks and anxiety attacks that I couldn't even go out to a restaurant without passing out from anxiety . . ." (A.R. 118-19).

The ALJ found that, through the date last insured, Plaintiff had severe impairments, including migraine headaches and a mental impairment (A.R. 56-59). However, the ALJ also found that, through the date last insured, Plaintiff retained the residual functional capacity to perform simple, unskilled medium work not requiring contact with the public or more than occasional contact with coworkers and supervisors (A.R. 56-59). The ALJ believed that Plaintiff's testimony exaggerated the intensity, persistence and limiting effects of Plaintiff's symptoms (A.R. 60-63). In reliance on the vocational

---

[1] In the administrative proceedings, Plaintiff also alleged other impairments, but the discussion in Plaintiff's motion appears to be confined exclusively to headaches and anxiety/panic attacks.

expert's testimony, the ALJ determined that there existed significant numbers of jobs performable by a person having the residual functional capacity the ALJ found to exist (A.R. 64-66). The Appeals Council considered additional evidence newly submitted by Plaintiff, but denied review (A.R. 7-9).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

///

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Commissioner, 682 F.3d at 1163. "[A]s a practical matter, the final decision of the Commissioner includes the Appeals Council's denial of review, and the additional evidence considered by that body is evidence upon which the findings and decision complained of are based." Id. (citations and quotations omitted).[2] Thus, this Court has reviewed the evidence submitted for the first time to the Appeals Council.

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from

///

---

[2] And yet, the Ninth Circuit sometimes had stated that there exists "no jurisdiction to review the Appeals Council's decision denying [the claimant's] request for review." See, e.g., Taylor v. Commissioner, 659 F.3d 1228, 1233 (9th Cir. 2011); but see Smith v. Berryhill, 139 S. Ct. 1765 (2019) (court has jurisdiction to review Appeals Council's dismissal of request for review as untimely); see also Warner v. Astrue, 859 F. Supp. 2d 1107, 1115 n.10 (C.D. Cal. 2012) (remarking on the seeming irony of reviewing an ALJ's decision in the light of evidence the ALJ never saw).

material[3] legal error.

**I. The ALJ Did Not Err by Discounting the Credibility of Plaintiff's Subjective Complaints.**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of "malingering").[4] An ALJ's credibility finding "must be sufficiently

---

[3] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

[4] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier
(continued...)

specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[5] As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

The ALJ determined that the objective medical evidence was inconsistent with Plaintiff's claimed inability to function (A.R. 59-63). An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

---

[4](...continued)
cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[5] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

subjective testimony"); SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . .").

The ALJ also pointed out that Plaintiff advised one of his treating physicians that his headaches were adequately controlled by an over-the-counter medication (Advil) (A.R. 60; see also A.R. 608, 612). See Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citations omitted); see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms); Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe symptoms); Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited claimant's subjective complaints by citing physician's report that symptoms improved with medication); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (ALJ did not err in considering that medication "aided" claimant's symptoms in assessing claimant's credibility).

The ALJ also specifically observed that a treating physician had discussed with Plaintiff the possibility of using more potent medication for Plaintiff's headaches, but Plaintiff declined to pursue the matter (A.R. 60; see also A.R. 492, 612). A claimant's failure to

pursue more aggressive treatment for an allegedly disabling impairment properly may cast doubt on a disability claimant's credibility. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In the same vein, the relatively conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's subjective complaints. See Tommasetti v. Astrue, 533 F.3d at 1039-40; Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001).

Additionally, the ALJ observed that, during the relevant time period, Plaintiff did not consistently report to his treatment providers the same intensity of symptoms claimed in Plaintiff's testimony (A.R. 62). Indeed, Plaintiff sometimes reported improving mental health symptoms, and, as already indicated, reported headaches adequately controlled with Advil (A.R. 608, 612, 615, 618, 620). Inconsistent reports of symptoms properly may undercut a claimant's credibility. See Molina v. Astrue, 674 F.3d at 1112 (claimant's inconsistencies can adversely impact claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies in a claimant's statements were among the "clear and convincing reasons" for discounting claimant's credibility).

It may be that not all of the ALJ's stated reasons for discounting Plaintiff's subjective symptomatology are legally valid. However, notwithstanding the invalidity of one or more of an ALJ's stated reasons, a court may uphold an ALJ's credibility determination where sufficient valid reasons have been stated. See Carmickle v.

Commissioner, 533 F.3d at 1162-63. In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[6]

## II. Substantial Evidence Supports the ALJ's Conclusion that Plaintiff was Not Disabled During the Relevant Time Period.

Substantial evidence supports the ALJ's ultimate conclusion. Apart from Plaintiff's subjective complaints, little record evidence suggests that Plaintiff's impairments deprived Plaintiff of the capacity to work for any continuous 12 month period between December 31, 2014 and December 31, 2016.[7] See Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986) (claimant must prove impairments prevented work for 12 continuous months); see also Flaten v. Secretary of Health and Human Services, 44

---

[6] The Court should not and does not determine the credibility of Plaintiff's testimony concerning his subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[7] Although the Administrative Record is lengthy, many of the documents in the record postdate the relevant time period and many of the documents within the relevant time period were copied into the record more than once.

F.3d at 1458 (where claimants apply for benefits after the expiration of their insured status based on a current disability, the claimants "must show that the current disability has existed continuously since some time on or before the date their insured status lapsed").

Significantly, no physician opined that Plaintiff was ever totally disabled during the relevant time period. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled" or "implied that [claimant] was precluded from all work activity") (emphasis original); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1990). Non-examining state agency physicians opined that Plaintiff could work during the relevant time period (A.R. 137-39).

The vocational expert testified that a person with the residual functional capacity the ALJ found to have existed could perform jobs existing in significant numbers (A.R. 125-29). The ALJ properly relied on this testimony in finding Plaintiff not disabled. See Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995); Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v.
///
///
///
///
///
///
///

10

1 Heckler, 807 F.2d 771, 775 (9th Cir. 1986).[8]

2

3     To the extent the evidence of record is conflicting, the ALJ
4 properly resolved the conflicts. See Treichler v. Commissioner, 775
5 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to
6 resolve conflicts and ambiguities in the record). The Court must
7 uphold the administrative decision when the evidence "is susceptible
8 to more than one rational interpretation." Andrews v. Shalala, 53
9 F.3d 1035, 1039-40 (9th Cir. 1995). The Court will uphold the ALJ's
10 rational interpretation of the evidence in the present case
11 notwithstanding any conflicts in the record.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///

---

[8] Hypothetical questions posed to a vocational expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist – only those limitations the ALJ finds to exist. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d at 857; Magallanes v. Bowen, 881 F.2d at 756-57; Martinez v. Heckler, 807 F.2d at 773-74. Here, the hypothetical question posed to the vocational expert included all limitations the ALJ found to exist.

**CONCLUSION**

For all of the foregoing reasons,[9] Plaintiff's motion for remand is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 2, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[9] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).